Rijos, Apelante, *v.* Folgueras et al., Apelados.

Apelación procedente de la Corte de Distrito de San Juan,
Sección 1ª.

No. 865.—Resuelto en febrero 21, 1913.

Hijos Naturales—Herencia de los Parientes Colaterales Legítimos del
  Padre.—Bajo el imperio del Código Civil revisado, un hijo natural reconocido
  no tiene derecho a heredar a la hermana legítima de su padre natural.
Id. — Falta de Causa de Acción — Nulidad de Testamento. — No teniendo la
  demandante derecho a la herencia de Doña Rafaela Rijos y Correa, tampoco
  lo tiene para pedir la nulidad del testamento por ella otorgado.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. Manuel F. Rossy.*
Abogados de los apelados: *Sres. Bosch y Soto.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Doña Zoila Rijos Laza presentó demanda en la Corte de Distrito de San Juan, alegando que Doña Rafaela Rijos y Correa había fallecido en esta ciudad el 28 de mayo de 1908; que el testamento que aparece otorgado por dicha señora el 31 de agosto de 1905 es nulo por no ser auténtica la firma de la testadora, y que la demandante es hija natural reconocida de Juan Rijos y Correa, hermano legítimo de Doña Rafaela.

Benito Peña, uno de los demandados, alegó por vía de excepción previa, que la demanda no aducía hechos suficientes para determinar una causa de acción, fundándose en que Zoila Rijos como hija natural de Juan Rijos y Correa no tenía derecho a suceder *abintestato* a la hermana legítima del último nombrada Rafaela. La excepción fué declarada con lugar, y registrada sentencia desestimando la demanda, se interpuso contra ella el presente recurso de apelación.

Como puede verse a virtud de los hechos expuestos, sólo está envuelta en el recurso una cuestión legal: la de si bajo el imperio del Código Civil revisado vigente en la fecha del fallecimiento de Doña Rafaela Rijos y Correa, un hijo natural reconocido tiene derecho a heredar a la hermana legítima de su padre natural.

Las disposiciones del código referentes a la herencia testada en nada favorecen a la demandante. Ni su padre, ni menos ella tenía la condición de herederos forzosos respecto de Doña Rafaela. Tampoco las prescripciones del código que regulan la herencia intestada reconocen derecho alguno a la demandante, al contrario, se lo niegan expresamente.

El artículo 913 del Código Civil revisado, tal como regía en 1908, dice así:

"Los hijos ilegítimos reconocidos y sus descendientes tendrán los mismos derechos hereditarios que los hijos legítimos y sus descendientes, en la forma dispuesta en los precedentes artículos, así para heredar por derecho propio como por derecho de representación.

"No obstante, el hijo ilegítimo y sus descendientes no tienen derecho a suceder abintestato a los hijos y descendientes legítimos y parientes colaterales legítimos del padre o madre que los hayan reconocido, ni ellos al hijo ilegítimo y sus descendientes.

"Los padres con respecto al hijo ilegítimo reconocido y sus descendientes, tendrán los mismos derechos hereditarios que los padres legítimos en la herencia abintestato de sus hijos y descendientes legítimos."

En los casos de la *Sucesión Pagán* v. *Pagán et al.*, 17 D. P. R., 145, y en el de *Rijos* v. *Peña* que acabamos de decidir (pág. 147), este Tribunal Supremo ha resuelto que bajo el imperio del Código Civil español, el hijo natural reconocido no tiene derecho a heredar al hermano legítimo de su padre natural. El párrafo segundo del artículo 913 del Código Civil revisado, es esencialmente igual al artículo 943 del Código Civil antiguo. La ley es, pues, la misma, y es natural que su interpretación sea idéntica, y en tal virtud debemos concluir, que bajo el imperio del Código Civil revisado tampoco tiene derecho el hijo natural reconocido, a heredar al hermano de su padre natural.

Siendo esto así, estuvo la corte sentenciadora acertada al desestimar la demanda, ya que no teniendo la demandante derecho a la herencia de Doña Rafaela Rijos y Correa, tampoco lo tiene para pedir la nulidad del testamento por ella otorgado.

El recurso debe declararse sin lugar y confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y Aldrey.